**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

ASHLEY PEREZ,

                            Plaintiff,

     v.                                           No. 04-CV-369 (DRH)

COUNTY OF ALBANY and ALBANY
COUNTY BOARD OF ELECTIONS,

                            Defendants.

_____

**APPEARANCES:**                                     **OF COUNSEL:**

ASHLEY PEREZ
Plaintiff Pro Se
72 Beverly Avenue
Albany, New York 12206

NAPIERSKI, VANDENBURGH & NAPIERSKI,    ASA S. NEFF, ESQ.
   L.L.P.
Attorney for Defendants County of Albany and
   Albany County Board of Elections
296 Washington Avenue Extension
Albany, New York 12203

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

      Presently pending is the motion of plaintiff pro se Ashley Perez ("Perez") (Docket No. 149) for an order compelling defendants County of Albany and the Albany County Board of Elections (collectively the "Board") to comply with the Consent Judgment entered as to the Board on January 22, 2007.  Docket No. 146 ("Consent Judgment").  The Board opposes the motion.  Docket No. 157.  For the reasons which follow, Perez's motion is denied.

## I. Background

This action was commenced on April 2, 2004 against the Board and other defendants seeking declaratory and injunctive relief under the Voting Rights Act of 1965, 42 U.S.C. § 1973, and related laws regarding the Board's procedures for issuing and receiving absentee ballots and applications. Consent J. at ¶ 1. Plaintiffs, who eventually numbered seventeen and included Perez, were represented by counsel through the entry of the Consent Judgment. Plaintiffs' claims against the Board were resolved in the Consent Judgment.[1] The Consent Judgment provided that in the event of a violation of its terms, plaintiffs could move this Court "for an order compelling compliance"[2] and that the Court "shall retain jurisdiction over this action to ensure full compliance with the terms and conditions of this Consent Decree." Consent J. at ¶¶ 21, 22.

In addition to absentee ballots and applications, the Consent Judgment addressed "603 ballots." "603 ballots" are utilized at polling places on election days when a voter appears to vote but his or her name is not listed among those registered to vote at that location. Bd. Mem. of Law (Docket No. 157) at 4. In that circumstance, a voter is allowed to vote on a "603 ballot," or "Affidavit Ballot," which is counted only if the Board thereafter determines that the voter was properly registered and cast his or her ballot at the correct

---

[1] Plaintiffs' claims against defendants other than the Board were similarly resolved in consent judgments also filed on January 22, 2007. See Docket Nos. 143-45.

[2] The Consent Judgment required that before making any such motion, plaintiffs must first seek the appointment of a mediator to attempt to resolve allegations of noncompliance before any motion is filed and that any motion to compel compliance be made on notice to the Board. Consent J. at ¶ 21. The Board contends that Perez failed to follow either of these procedural requirements. Bd. Mem. of Law (Docket No. 157) at 5. However, the Board has waived any objection to Perez's motion on these grounds. Id. These objections will not, therefore, be considered.

polling place.  Id.  As to such ballots, the Consent Judgment provided as follows:

> 18. The Board agrees that, at a minimum, the following security procedures will be employed in connection with the maintenance and issuance of absentee ballots:
>
> . . .
>
> > d. "603 Ballots" will be separated from each Election District to be placed in the polling place "suitcases," to be used on Primary and Election Day.  The exact number will be determined by party enrollment, and will be specified on the master list.

Consent J. at ¶ 18(d).

As is relevant to the pending motion, a primary election was held in Albany County on September 18, 2007 for, inter alia, the Albany County Legislature.  In the Fourth Legislative District, candidates Jose Lopez and Clifton Dixon ran to become the candidate of the Independence Party.  Perez Aff. (Docket No. 149) at ¶¶ 2-3.  The Board certified that the only four votes cast in that election were cast for Lopez, who was declared the winner of the Independence Party primary.  Id. at ¶ 3.  Dixon's state court challenge to the election results was dismissed on October 24, 2007 for failure to state a claim.  Graziano/Clyne Aff. (Docket No. 157, Ex. A) at 3.  This motion followed.

## II. Discussion

Perez was a plaintiff in the original complaint filed in the above-captioned action and is registered to vote in the Fourth Albany County Legislative District.  Perez Aff. at ¶¶ 1, 4.  Now proceeding pro se, Perez contends that the Board violated the Consent Judgment during the primary election in the Fourth District on September 18, 2007.  Perez contends that in the Independence Party primary, a lever malfunctioned at one voting location, there was confusion over whether a "603 ballot" was counted, another "603 ballot" was not

3

counted, another ballot is unaccounted for, written ballots were temporarily misplaced by the Board, three individuals voted who should not have been allowed to vote, and the Board did not maintain postmarked envelopes for absentee ballots.  Id. at ¶ 4(a)-(h).

In response, the Board first contends that even assuming the truth of Perez's contentions, such violations of the Consent Judgement had no effect on the outcome of the Independence Party primary election on September 18, 2007.  Bd. Mem. of Law at 6.  Even if true, however, the Board's contention is immaterial here.  As the Board notes, consent judgments "are essentially agreements between parties that should be construed basically as contracts."  United States v. Broadcast Music, Inc., No. 64 Civ. 3787(LLS), 2000 WL 280034, at *1 (S.D.N.Y. Mar. 15, 2000) (citations and internal quotation marks omitted), aff'd in part and vacated in part on other grounds, 275 F.3d 168 (2d Cir. 2001).  While a showing that the outcome of an election was adversely affected may be required to challenge election results in state court, nowhere does the Consent Judgment premise a motion to compel upon a showing that an alleged violation of the judgment adversely affected the outcome of an election.  In fact, the Consent Judgment requires no showing of any adverse effect.  It requires only that a moving party demonstrate that the Board violated the provisions of the judgement.  See Consent J. at ¶¶ 20-22.  Accordingly, the Board's contention in this regard must be rejected.

The Board next contends that even if the Board previously failed to comply with provisions of the Consent Judgment as Perez alleges occurred during the September 18, 2007 primary election, the Board is now in compliance with all such provisions of the judgment. As noted, The Consent Judgment specifies procedures to be followed by the Board.  It provides for motions to compel in the event of violations but is silent as to

consequences upon a finding of a violation.  See Consent J. at ¶¶ 20-22.  Because a consent judgment constitutes an agreement among the parties to an action, a court nay neither expand nor contract its provisions.  See Berger v. Heckler, 771 F.2d 1556, 1568 (2d Cir.1985); see also Crumpton v. Bridgeport Educ. Ass'n, 993 F.2d 1023, 1028-29 (2d Cir.1993).  The judgment here provides only for the Court "to ensure full compliance with the terms and conditions of the" judgment.  Consent J. at ¶ 22.  In the circumstances presented here, this appears to leave available to the Court as remedies for violations only an order compelling compliance and any remedies available upon a finding of contempt.  See, e.g., Batista v. Rodriguez, 702 F.2d 393, 398-99 (2d Cir. 1983).[3]

Perez's allegations of violations of the Consent Judgment are far from established fact.  For example, the affidavit of Daniel Kehrer arguably demonstrates at most that a lever in a voting booth malfunctioned, not that the Board violated any term of the Consent Judgment.  See Kehrer Aff. (Perez Aff. at Ex. A).  According to the affidavit of Constance Lasalle, another malfunctioning lever may have led her to vote once, twice, or not at all.  Lasalle Aff. (Perez Aff. at Ex. B).  However, again, it is unclear how her voting experience demonstrates a violation of the terms of the Consent Judgment.  Perez's claim that the signatures of two voters were forged is not demonstrated by the documents submitted and is unsupported by any sworn statements.  See Perez Aff. at ¶ 4(f) & Ex. F; see also Perez Aff. at ¶ 4(g) & Ex. G.

It does appear that the Board may have breached the Consent Judgment when it failed to maintain track of "603 ballots" which were sent to polling places but not used by

---

[3] A party aggrieved under a consent judgment may also have an independent right of action for breach of contract.  See Batista, 702 F.2d at 398.

voters.  See Graziano/Clyne Aff. at ¶ 7.  However, this error has since been remedied.  See id.  Moreover, Perez has offered no evidence of any violations subsequent to the September 18, 2007 primary and, thus, the Board's claim that it is now in full compliance with the requirements of the Consent Judgment appears undisputed on this record.  See id.  Accordingly, even accepting Perez' allegations of violations of the Consent Judgment as true, the Board's present compliance with those terms obviates the basis for an order compelling compliance.  Perez's motion must, therefore, be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that Perez's motion for an order compelling the Board to comply with the Consent Judgment (Docket No. 149) is **DENIED**.


**IT IS SO ORDERED.**

DATED: January 4, 2008
   Albany, New York

_David R. Homer_
United States Magistrate Judge